IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTONIO MUNIZ, JR.,

                    Plaintiff,                    OPINION AND ORDER

     v.

                                              26-cv-364-wmc

SERGEANT SCHROEDER,
LIEUTENANT DAY,
WELLPATH, and DANE COUNTY
SHERIFF'S OFFICE,

                    Defendants.

Plaintiff Antonio Muniz, Jr., who is representing himself while incarcerated at the Dane County Jail, has filed a complaint under 42 U.S.C. § 1983, alleging that was denied a gluten free diet despite having celiac disease. (Dkt. #1.) Plaintiff's motion to proceed in forma pauperis has been granted, although he has not yet paid his initial partial filing fee in compliance with the Prison Litigation Reform Act. (Dkt. #6.) Instead, plaintiff has now filed a motion to waive his initial partial filing fee. (Dkt. #8.) Plaintiff has also filed a motion for preliminary injunctive relief. (Dkt #14.) For the reasons explained below, plaintiff's motions will be denied, and his complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B), albeit with leave to amend.

ALLEGATIONS OF FACT[1]

Plaintiff was admitted to the Dane County Jail most recently on January 22, 2026.

---

[1] Complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless otherwise indicated, the facts in this section are from plaintiff's complaint (dkt. #1) and are taken as true for purposes

Plaintiff allegedly advised "nursing" staff that he had celiac disease and requested a gluten free diet.  He further alleges that this request was denied pending "medical release of information" to confirm his diagnosis, but the requested diet was approved ten days later on February 2, 2026.  (Dkt. #5-1, at 1.)  Nevertheless, plaintiff filed this lawsuit against Sergeant Schroeder, Lieutenant Day, Wellpath (the contract medical provider at the Jail), and the Dane County Sheriff's Office, seeking damages under 42 U.S.C. § 1983 and a "proper diet" from a provider other than the Dane County Jail.

## OPINION

### I.  Motion to Waive Initial Partial Fee

The Prison Litigation Reform Act ("PLRA") requires prisoners to pay an initial partial filing fee, followed by the full amount of the fee for a civil action or appeal.  28 U.S.C. § 1915(b)(1).  Plaintiff has filed a motion to waive the assessed initial partial filing fee of $1.97, alleging that he lacks sufficient funds.  (Dkt. #8.)  However, the inmate trust fund account statement in the record reflects that plaintiff *has* adequate funds to make the minimal, initial partial payment.  (Dkt. #4.)  Because plaintiff has not submitted a new inmate trust fund account statement in support of his motion or otherwise shown that he is unable to pay, his request to waive the initial partial filing fee must be denied.

### II.  Motion for Preliminary Injunctive Relief

Plaintiff seeks preliminary injunctive relief directing defendants to place him at "the

---

of this order.

UW Hospital['s] Secure Wing that houses incarcerated individuals," allegedly so that he can be given "a truly Gluten Free meal." (Dkt. #14.)  While plaintiff is currently receiving a gluten free diet, plaintiff appears to claim that meals prepared at the Dane County Jail are subject to cross-contamination with allergens.  (Dkt. #7-1.)

To the extent plaintiff is actually seeking an ex parte temporary restraining order, this is "an extraordinary and drastic remedy," *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005), and may only be issued without notice to the opposing party or its attorney if "specific facts in an affidavit or a verified complaint *clearly* show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Plaintiff has not submitted an affidavit or sworn declaration in support of his motion, much less establish that irreparable injury will result before the adverse party can be heard, so that part of the motion must be denied outright.

As for his titled motion for a preliminary injunction, plaintiff has not established that he is likely to prevail on the merits of his claims for reasons discussed in more detail below, which is a prerequisite to any such relief.  *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020).  Nor has plaintiff otherwise complied with the court's procedures required before consideration of any motions seeking injunctive relief and were previously provided to plaintiff. (Dkt. #12.)  For example, the movant is obligated to provide *actual and immediate notice* to the opposing party of the filing of the preliminary injunction motion, along with the date of any hearing that might be set.  Further, the movant is required to establish the factual basis for a grant of relief by filing and serving:  (a) a stipulation of

3

those facts to which the parties agree; (b) a statement of record facts proposed by the movant; (c) a statement of those facts movant intends to prove at an evidentiary hearing; or (d) any combination of (a), (b), and (c). The movant is also required to present a "precisely tailored set of factual propositions" that are necessary to a decision in his favor in numbered paragraphs with cites to the evidentiary source of each proposition.

To date, plaintiff has complied with none of these requirements. Although pro se litigants are entitled to liberal construction of their pleadings and some "leniency . . . on procedural matters[,]" *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018), "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Still, should plaintiff believe that he can establish a likelihood of success on the merits of his claims, he may renew his motion for preliminary injunction, providing that he provides evidentiary support consistent with the requirements of this court, as outlined above.

### III. Plaintiff's Complaint

Finally, because plaintiff is a prisoner who is seeking to proceed without prepayment of the full filing fee, the court is required to screen the complaint and dismiss any part that is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards, "[the] complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court need not accept as true allegations consisting of legal conclusions. Id. Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Plaintiff's current proposed complaint does not survive screening for several reasons. First, plaintiff does not allege any facts showing that Sergeant Schroeder or Lieutenant Day had any personal involvement with denying his request for a gluten free diet upon his arrival at the Dane County Jail on January 22, 2026, nor since that time. To be held liable for a constitutional violation under 42 U.S.C. § 1983, a defendant must have been personally involved in the constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that each defendant personally caused or participated in a constitutional deprivation). Accordingly, plaintiff does not state a claim against either defendant and no other individuals are identified in the complaint.

5

Second, plaintiff may not proceed with any claim against the Dane County Sheriff's Office because it "is not a legal entity separable from the county government which it serves." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *accord Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (affirming district court's dismissal of "Dane County Sheriff's Department" because it "[could not] be sued under § 1983"). As a result, the Dane County Sheriff's Office must be dismissed.

Third, plaintiff fails to state a claim against defendant Wellpath, which provides medical services to jail inmates under a contract with Dane County. Although plaintiff names Wellpath in the caption of his complaint, he provides no allegations setting forth what they did or did not do to violate his constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (plaintiff cannot state a claim against a defendant by listing that person as a party to the action in the case caption). Thus, plaintiff fails to state a claim for relief against Wellpath as well, and his complaint must be dismissed as to all named defendants.

However, the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will grant plaintiff leave to file an amended complaint that addresses the deficient factual allegations set forth in detail above. If plaintiff files an amended complaint within the deadline set forth below, the court will again screen that complaint under 28 U.S.C. § 1915(e)(2)(B).

ORDER

IT IS ORDERED that:

1)  The complaint filed by plaintiff Antonio Muniz Jr. (dkt. #1) is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

2)  **Plaintiff may have until August 24, 2026, in which to file an amended complaint if he can do so in good faith.  If no amended complaint is received by this date, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b) and a "strike" will be entered for purposes of 28 U.S.C. § 1915(g).**

3)  Plaintiff's motion to waive the initial partial filing fee (dkt. #8) is DENIED. Plaintiff must pay that fee no later than August 24, 2026, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

4)  Plaintiff's motion for preliminary injunctive relief (dkt. #14) is also DENIED without prejudice.

Entered this 29th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7